

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-27-2007

# Watson v. Comm Social Security

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-1973

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Watson v. Comm Social Security" (2007). *2007 Decisions.* Paper 1426.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1426

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 06-1973

_____

DARLENE WATSON,
                                        Appellant
v.

COMMISSIONER OF SOCIAL SECURITY
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 02:04-CV-6419)
District Judge:  Honorable Garrett E. Brown, Jr.
_____

Submitted Under Third Circuit LAR 34.1(a)
March 16, 2007

Before:  FUENTES, GREENBERG, and LOURIE,[*] Circuit Judges.

(Filed:  March 27, 2007)
_____

OPINION OF THE COURT
_____


LOURIE, Circuit Judge.

　　　　Darlene Watson ("Watson") appeals from the decision of the United States District

_____

[*]Honorable Alan D. Lourie, United States Circuit Judge for the Federal Circuit,
sitting by designation.

Court for the District of New Jersey affirming the final decision by the Commissioner of Social Security (the "Commissioner") that denied Watson's entitlement to Social Security Disability benefits. Because the District Court correctly concluded that substantial evidence supports the Commissioner's determination, we will affirm.

On June 28, 2002, Watson filed an application for Supplemental Security Income ("SSI") and medical assistance under Titles XVI and XIX of the Social Security Act (the "Act") based on her back injuries, high blood pressure, and depression. The Social Security Administration denied Watson's claim. She filed a request for reconsideration of that decision that was also denied. Watson then filed a Request for Hearing by an Administrative Law Judge ("ALJ"), and, on December 8, 2003, an ALJ conducted a hearing to determine whether Watson was disabled, entitling her to benefits.

After reviewing the evidence presented by Watson and considering the testimony at the hearing, the ALJ determined that Watson was not disabled and therefore not entitled to SSI payments under the Act. The ALJ concluded that although Watson suffered from orthopedic disorders, hypertension, and depression, those disorders had not continued for a period of twelve months and did not prevent her from being able to do simple, repetitive tasks that required lifting or carrying under ten pounds or from performing her past work. Accordingly, the ALJ concluded that Watson was not disabled and therefore not eligible for SSI. The ALJ's decision became the final decision of the Commissioner when her request for review was denied. Watson appealed the Commissioner's final decision to the District Court.

2

The District Court reviewed the record and concluded that substantial evidence supported the Commissioner's decision that Watson was not disabled under the Act. The Court recited the evidence that the ALJ considered, including examinations and evaluations by various physicians, and Watson's own report of her engagement in daily activities. The Court then found that, based upon the evidence, the ALJ arrived at a reasonable conclusion that Watson's impairment did not last for a continuous period of twelve months, and thus that she did not meet the statutory definition of disabled. Watson timely appealed, and we have jurisdiction pursuant to 28 U.S.C. § 1291.

On appeal, Watson argues that the ALJ's decision was not based on substantial evidence. Watson asserts that the ALJ failed to recite the probative evidence that supported or rejected his findings. According to Watson, it was illogical for the ALJ to find that Watson suffered orthopedic and cardiovascular impairments limiting her to sedentary work, yet conclude that she suffered no severe impairments. Moreover, Watson points out that the ALJ never mentioned the opinion of the Social Security psychiatrists, who found that she suffered a "moderate restriction in maintaining social functioning." Watson alleges that she meets the definition of "severe impairment" as defined in the Social Security Regulations.

The government responds that Watson failed to meet her burden by showing that she was disabled within the meaning of the Social Security Act. According to the government, Watson did not establish that her impairments lasted or were expected to last for a continuous period of twelve months, or that her impairments prevented her from performing her past work. Accordingly, the government asserts that the ALJ's decision was supported by

3

substantial evidence.

We agree with the government that the District Court correctly determined that substantial evidence supports the Commissioner's decision. We may review the Commissioner's factual findings only to determine whether the record contains substantial evidence for such findings. See 42 U.S.C. § 405(g). Substantial evidence is such evidence that "a reasonable mind might accept as adequate to support a conclusion." Consol. Edison Co. v. NLRB, 305 U.S. 197, 229 (1938). In its opinion, the District Court stated the complete standard for awarding benefits, but we repeat only those portions of the standard relevant to our analysis. The Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

As the District Court correctly observed, and contrary to Watson's assertions, the ALJ did recite and evaluate the evidence of record, including several medical examinations and reports by physicians and psychologists. Those reports indicate that Watson did have hypertension and depression, but that she was stabilized, mobile, coherent, and did not suffer from major depression. Moreover, there was no evidence that she suffered a disability for a continuous period of twelve months, and that is a clear requirement for disability benefits under the Act. The ALJ even left the record open for several months after the hearing to provide Watson an opportunity to present further evidence, but Watson did not submit any documentation showing that her impairment lasted for twelve months. The ALJ's conclusion

4

that Watson retained the "residual functional capacity for a full range of simple, repetitive light work activity," that her ailments did not prevent her from working as a housekeeper, which was her past work, and that she did not have a disability for a continuous period of twelve months, was reasonable based upon the record. Because substantial evidence supports the ALJ's conclusion that Watson was not disabled as defined by the Act, we will affirm.